IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Preston Devon Johnson, #268169, a/k/a Abdalla Mustafa, | C/A NO. 4:08-3840-CMC-TER |
| Petitioner, | |
| | **OPINION and ORDER** |
| v. | |
| Michael McCall and Henry McMaster, | |
| Respondents. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On February 9, 2010, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on March 1, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. With the caveats noted below, the court adopts the Report as its findings.

It is not clear what relevance the discussion in the Report regarding Petitioner's prior kidnapping conviction has to this § 2254 petition. *See* Report at 2-4 (Dkt. # 27, filed Feb. 9, 2010). Therefore, the court declines to adopt this portion of the Report as it is not relevant to the current matter.

Petitioner's Objections to the Report and his Objections to Respondents' Summary Judgment motion indicate that he raised a "subject matter jurisdiction" ground in this § 2254 petition. *See* Obj. to Report at 2 (Dkt. # 29, filed Mar. 2, 2010) *and* Obj. to Resp. Summ. J. Mot. at 6,7 (Dkt. 26, filed June 15, 2009). However, no such ground for relief is contained in his § 2254 petition. *See* Dkt. # 1 (filed Nov. 24, 2008). This ground for relief was not, therefore, addressed by Respondents in the motion for summary judgment, nor is it addressed in the Report. Petitioner has not filed a motion to amend his petition, and therefore this ground for relief is not properly before this court.[1]

---

[1]Petitioner raised this ground for relief in his Application for Post-Conviction Relief (PCR), and it was addressed and denied on its merits by the PCR court. *See* Supplemental Attachment to Return at 8-9 (Dkt. 19-1, filed Apr. 6, 2009). This ground for relief was not presented in Petitioner's Petition for Writ of Certiorari to the South Carolina Supreme Court.

Even assuming this matter was properly before this court, and if it had not been procedurally defaulted, it would fail on its merits. A court's jurisdiction over the subject matter of a proceeding before it is fundamental. A party may raise lack of subject matter jurisdiction at any time, including on appeal for the first time. Further, the court may raise the issue *sua sponte*. Lack of subject matter jurisdiction may not be waived by the parties. *Brown v. State*, 540 S.E.2d 846 (S.C. 2001). The acts

Plaintiff's other objections are without merit and are rejected.

**CONCLUSION**

Therefore, Respondents' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

---

of a court which lacks subject matter jurisdiction are void. *State v. Funderburk*, 191 S.E.2d 250 (S.C. 1972).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris*, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law."); *Wright v. Angelone*, 151 F.d 151 (4th Cir.1998) (noting that while habeas may be granted for a lack of jurisdiction in the sentencing court, relief may not be granted where alleged jurisdictional defect depends on interpretation of state law, unless result is complete miscarriage of justice).

A defective or insufficient indictment does not raise an issue of subject matter jurisdiction which could be raised at any time. *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005). In *Edwards v. State*, 642 S.E.2d 738 (S.C. 2007), the South Carolina Supreme Court distinguished subject matter jurisdiction from an allegation raising an insufficient indictment. Quoting *Gentry*, the court noted that " subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong" and issues related to subject matter jurisdiction may be raised at any time. *Id*. at 740 (internal citations and quotations omitted). In contrast, the court noted that "an indictment is a notice document. The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, *i.e.*, to apprise him of the elements of the offense and to allow him to decide whether to plead guilty or stand trial, and to enable the circuit court to know what judgment to pronounce if the defendant is convicted." *Id*. A defendant must challenge the sufficiency of an indictment before the jury is sworn.

Petitioner's contention relating to the sufficiency of the indictment does not raise a proper issue of subject matter jurisdiction. Therefore, the state trial court had subject matter jurisdiction to try the petitioner. *Gentry*, 610 S.E.2d at 499. Accordingly, this claim fails on its merits.

Petitioner argues in his Objections that he raised this as a due process argument in his PCR application. However, an examination of Petitioner's Amendment to the PCR (Attachment to Respondents' Return, Dkt. # 18-9 at 77-81, filed Apr. 3, 2009) indicates that the only grounds raised by Petitioner regarding subject matter jurisdiction related to the State's alleged failure to comply with state law requirements in returning an indictment against Petitioner. Therefore, as Petitioner did not raise this due process claim before the state court, it fails on its merits.

## CERTIFICATE OF APPEALABILITY[2]

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 12, 2010

C:\Documents and Settings\des48\Local Settings\Temp\notesE1EF34\08-3840 Johnson v. McCall adopt rr gr sumjgm deny cert app.wpd

---

[2]On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254 Rule 11(a).